Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3929 (95 CR 189-4) | **DATE** | FEB 14 2002 |
| **CASE TITLE** | *Cusimano v. United States* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Mr. Cusimano's § 2255 motion [1-1] is dismissed as untimely. The clerk is directed to enter a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 19 2002 date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONINO CUSIMANO,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)    01 C 3929 (95 CR 189-4)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

On May 25, 2001, Antonino Cusimano filed a pro se motion pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel. Although Mr. Cusimano concedes that his motion was filed approximately nineteen months after the expiration of the statute of limitations, he contends that equitable tolling saves his motion. In support, he claims that his attorney told him that his appeal was still pending and the limitations period had not commenced when, in fact, this was not the case. For the following reasons, equitable tolling is not warranted and Mr. Cusimano's habeas petition is, therefore, dismissed as untimely.

I.  **Background**

In 1996, Mr. Cusimano and his co-defendant Phillip Ducato were convicted of conspiracy to possess with intent to distribute and conspiracy to distribute five kilograms of cocaine, in violation of 21 U.S.C. § 846, and Mr. Cusimano was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Both Mr. Cusimano and Mr. Ducato appealed after the court sentenced them and denied their post-trial motions. On July 1, 1998, the Seventh Circuit affirmed Mr. Cusimano's conviction. *United States v. Cusimano*, 148 F.3d 824 (7th Cir. 1998). On October 13, 1998, the Seventh Circuit denied both defendants' petition for rehearing and suggestion for rehearing en banc. Because Mr. Cusimano did not file

a petition for a writ of certiorari with the Supreme Court, the Seventh Circuit issued its mandate on October 21, 1998.

Mr. Cusimano contends that after the Seventh Circuit decision issued, he contacted his attorney, Thomas Royce, approximately two to three times per month to ask about the status of his case. In response to these inquiries, Mr. Royce allegedly stated, "don't worry, we are not dead yet, we are still swimming." According to Mr. Cusimano, this led him to believe that his appeal was still pending.

Mr. Cusimano also claims that Mr. Royce told him that this court had held an evidentiary hearing regarding the criminal conduct of a witness at Mr. Cusimano's trial whose testimony Mr. Cusimano had unsuccessfully sought to exclude. *See United States v. Cusimano*, No. 95 CR 189, 1996 WL 238928 (N.D. Ill. May 6, 1996). According to Mr. Cusimano, Mr. Royce maintained that the witness's credibility was severely "impeached and destroyed" during the hearing and that he was awaiting a decision from the court. During this time, Mr. Royce allegedly told Mr. Cusimano not to concern himself with the technical aspects of his case because everything was under control.

On October 13, 1999 – the one year anniversary of the denial of the petition for rehearing – Mr. Cusimano's co-defendant, Phillip Ducato, filed a § 2255 motion. When Mr. Cusimano told Mr. Royce about this motion and again inquired about the status of his own case, Mr. Royce allegedly told him that the one-year limitations period would be tolled because his case was still pending in the Seventh Circuit.

In response to additional inquiries from Mr. Cusimano, Mr. Royce allegedly promised to file a § 2255 motion in early 2000. Mr. Royce subsequently pushed back that date but,

according to Mr. Cusimano, continued to assure him that a § 2255 motion could be filed at a later date.

Finally, on May 17, 2000, approximately seven months after the limitations period for filing a § 2255 motion had expired, Mr. Cusimano decided to verify Mr. Royce's statements. He wrote to both this court and the Seventh Circuit to request pertinent portions of the docket and, in response, received papers pointing out Mr. Royce's purported perfidy.

On August 14, 2000, Mr. Cusimano filed a pleading in his criminal case entitled "Motion to Equitably Toll Limitations Period for Filing Petition Under Title 28 U.S.C. § 2255" but did not provide the court with a copy of this filing. The matter came to the court's attention on May 25, 2001, approximately nine months later, when Mr. Cusimano filed a § 2255 motion. The court ordered Mr. Cusimano to show cause why his motion should not be denied as untimely. In response, Mr. Cusimano contended that the limitations period should be equitably tolled because his attorney affirmatively lied to him and caused him to incorrectly believe that his appeal was still pending in the Seventh Circuit.

## II. Discussion

Because Mr. Cusimano did not seek certiorari with the Supreme Court, the one year limitations clock began to tick on October 21, 1998, when the Seventh Circuit issued its mandate. *See Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998). However, because the statute of limitations in § 2255 is procedural, not jurisdictional, it is at least arguably subject to equitable tolling. *See United States v. Montenegro*, 248 F.3d 585, 594 (7th Cir. 2001) (noting that it is unclear whether equitable tolling is available because it is inconsistent with the express tolling provisions in § 2255); *overruled on other grounds by Ashley v. U.S.*, 266 F.3d 671 (7th

Cir. 2001); *see also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Here, even if equitable tolling is available, it would not help Mr. Cusimano.

As a general rule, equitable tolling is appropriate when "the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). This doctrine is, however, not as broad as it appears. Equitable tolling may only be "granted sparingly" where "extraordinary circumstances far beyond the litigant's control" prevented a timely filing. *United States v. Marcello*, 212 F.3d at 1010. Ignorance of the law, language barriers, limited education, or the lack of counsel for non-capital collateral motions are not circumstances "far beyond the litigant's control." *United States v. Montenegro*, 248 F.3d at 594.

Here, Mr. Cusimano argues that, because his attorney led him to believe that his appeal was still pending for approximately nineteen months after the case was closed, the limitations period for his § 2255 motion should be equitably tolled. The problem with this argument is that the Seventh Circuit has made it clear that attorney negligence cannot lead to equitable tolling. *See Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) (attorney errors are not grounds for equitable tolling of the limitations period applicable to § 2254 petitions because "many clients, whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands"); *Taliani v. Chrans*, 189 F.3d at 598 (attorney's alleged mistake in calculating the limitations period to file a § 2254 petition did not support equitable tolling).

The court acknowledges that the Third Circuit has held that equitable tolling is proper where a plaintiff's attorney affirmatively lied to her regarding her claim. *Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236, 239 (3rd Cir. 1999). Nevertheless, in this circuit,

-4-

because there is no constitutional right to counsel in non-capital collateral proceedings, litigants are responsible for their attorney's mistakes. *See, e.g., Mendez v. Pierson*, 159 F. Supp. 2d 1091, 1094 (N.D. Ill. 2001); *Casas v. United States*, 88 F. Supp. 2d 858, 860-861 (N.D. Ill. 1999). Whether an attorney's conduct is negligent, grossly negligent, or willful is irrelevant because "negligence and wilful misconduct alike are attributed to the litigant." *United States v. 7108 West Grand Avenue*, 15 F.3d 632, 634-35 (7th Cir. 1994).

In short, Mr. Cusimano cannot rely on his lawyer's alleged delict to resuscitate his § 2255 motion. This leaves him with the fact that it took him over a year and a half after the conclusion of his direct appeal to check the courts' dockets himself, plus additional time to file a motion with the court in his criminal case (which the court did not act upon since Mr. Cusimano did not provide the court with a courtesy copy or otherwise bring it to the court's attention), and then another nine months to file a § 2255 motion.

As noted above, equitable tolling is not warranted where a habeas petitioner fails to exercise reasonable diligence to ensure that his claim is filed on time. *See Mendez v. Pierson*, 159 F. Supp. 2d at 1094. Mr. Cusimano's lackluster efforts to check the progress of his case clearly do not rise to the level of reasonable diligence. *See id.* (habeas petitioner was not reasonably diligent when he waited for a response from his attorney since he could have obtained the information he needed to file a timely claim by contacting the court directly).

Mr. Royce's alleged misrepresentations are far from commendable, and it is very unfortunate that Mr. Cusimano cannot pursue a collateral attack due to his lawyer's purported misconduct and his failure to personally request information from the court. Nevertheless, where the Seventh Circuit has spoken, this court must listen. If Mr. Cusimano had contacted the court instead of Mr. Royce, he would not be in the pickle that he is in today. Because a pro se

-5-

litigant pursuing non-capital collateral relief is bound by the failings of his attorney, Mr. Cusimano's § 2255 motion must be, and hereby is, dismissed as untimely.

**III.  Conclusion**

For the foregoing reasons, Mr. Cusimano's § 2255 motion [1-1] is dismissed as untimely. The clerk is directed to enter a Rule 58 judgment and to terminate this case.

DATE: 2-14-02

Blanche M. Manning
United States District Judge

01cv3929.2255